**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 8, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60235
Summary Calendar

———————————————

ISSA ABDELMAWLA NASERDDINE,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition For Review of an Order of the
Board of Immigration Appeals
BIA No. A77-235-123
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Issa Abdelmawla Naserddine petitions this court for review

of the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) order denying his application for asylum

and withholding of removal.

     When, as here, the BIA summarily affirms without opinion and

essentially adopts the IJ's decision, we review the IJ's

decision.  See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Naserddine argues that the IJ erred when she determined that he did not have a well-founded fear of persecution on account of his political opinion or on account of his membership in a particular social group. The IJ's determination is supported by substantial evidence and is correct based on precedent established in INS v. Elias-Zacarias, 502 U.S. 478 (1992), and Rivas-Martinez v. INS, 997 F.2d 1143 (5th Cir. 1993). See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350 (5th Cir. 2002) (this court will uphold the IJ's decision if it is supported by substantial evidence).

Nasserdine further argues that the BIA violated his due process rights and misapplied its regulations when it issued an affirmance without an opinion pursuant to 8 C.F.R. § 1003.1(e)(4). The due process argument is without merit. See Soajede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003) (rejecting due process challenge to a similar summary affirmance procedure set forth in 8 U.S.C. § 1003(a)(7)). Moreover, the decision met the criteria for a summary affirmance pursuant to 8 U.S.C. § 1003.1(e)(4).

The petition for review is therefore DENIED.